***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chrystal Redding Stanback and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Chrystal Redding Stanback.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, as:
 STIPULATIONS
1. The date of plaintiff's alleged injury was July 24, 1992.
2. An employer/employee relationship existed on July 24, 1992 between Nita Helton and Joan Fabrics.
3. On July 24, 1992, Joan Fabrics was a self-insured employer with Hewitt Coleman Associates as its servicing agent.
4. Plaintiff's average weekly wage at the time of her alleged injury was $ 501.41.
5. Exhibits stipulated into evidence include the following:
 a. Stipulated Exhibit #1 Form 22 statements of days worked and earnings by plaintiff for 1992, 1993, and 1994;
 b. Stipulated Exhibit #2 Plaintiff's loom inspector job description;
 c. Stipulated Exhibit #3 Summary of weekly hours worked by plaintiff between January 1, 1992 and July 15, 1994.
 d. Stipulated Exhibit #4 Plaintiff's work attendance calendars from 1990 to 1994;
 e. Stipulated Exhibit #5 Plaintiff's time cards from January 4, 1992 through July 16, 1994;
 f. Stipulated Exhibit #6 Employment Security Commission Records;
 g. Stipulated Exhibit #7 Rehabilitation nurse Sandra Blaha's records from Health Hygiene;
 h. Stipulated Exhibit #8 Plaintiff's tax returns for 1995, 1996, and 1997.
6. The parties stipulated to private investigation reports by Corporate Intelligence Group Inc. and Barefoot Private Investigations as being genuine and authentic.
7. The parties stipulated to videotapes by Corporate Intelligence Group, Inc. as being genuine and authentic.
 RULINGS ON EVIDENTIARY MATTERS
At the hearing before the deputy commissioner, Defendant offered Defendant's Exhibits 5-10, comprised of investigative reports by Corporate Intelligence Group, Inc. and Barefoot Private Investigations and videotapes by Corporate Intelligence Group. Inc. Plaintiff objected to their admission on the basis of relevance. The deputy commissioner thereby Ordered that Defendant's Exhibits 5-10 be ADMITTED into evidence.
 ***********
Based upon all the competent evidence of record in this matter, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a 47 year old female who was employed with Defendant Joan Fabrics on the dates of her alleged injuries.
2. On June 13, 1991, plaintiff and a co-worker were lifting a 204 yard piece of cloth and placing it on a pallet when plaintiff heard something tear in her back. Aetna Casualty and Surety was the workers' compensation carrier for Joan Fabrics at that time.
3. Plaintiff alleges that on July 24, 1992, she was checking a loom and gears, when she stepped down on a gear, was thrown and twisted her back.
4. Following the July 24, 1992 alleged injury by accident plaintiff continued to work her regular schedule, including overtime. Specifically, plaintiff worked 17.5 hours on July 25, 1992 and 18.25 hours on July 26, 1992.
5. By letter dated January 5, 1993, which by her own admission, should have been dated January 5, 1994, plaintiff wrote to the Industrial Commission and made reference to both her June 13, 1991 injury and her alleged July 24, 1992 injury.
6. Defendant Aetna Casualty and Surety made a motion to N.C. Gen. Stat. § 97-24 to dismiss Aetna as a party to I.C. File No. 212227 based on its contention that plaintiff did not file a claim within the two year statute of limitations. On May 12, 1999, Deputy Commissioner Stanback entered an Interlocutory Opinion and Order dismissing Aetna as a party and barring plaintiff's claims for injuries allegedly sustained on June 13, 1991. I.C. File No. 212227.
7. Plaintiff timely filed a claim within two years of her alleged July 24, 1992 injury, and that the Industrial Commission has jurisdiction over plaintiff's alleged 1992 injury.
8. After issuing the Interlocutory Opinion and Order, Deputy Commissioner Stanback allowed the remaining parties 90 days to complete the depositions of plaintiff's medical care providers, in order to elicit testimony concerning the compensability and causation of plaintiff's alleged July 24, 1992 injury and its relation, if any, to the June 13, 1991 alleged injury.
9. The lay evidence in the record fails to establish that plaintiff suffered a work related injury on July 24, 1992.
10. Joan Fabrics Human Resources Director Richard Farr met with plaintiff on August 3, 1992 and explained to her that he believed that her claim for her June 13, 1991 injury was closed. Plaintiff then became angry with Mr. Farr. Plaintiff, however, did not mention a July 24, 1992 injury to Mr. Farr during their August 3, 1992 meeting. The evidence demonstrates that plaintiff did not begin alleging a July 24, 1992 injury until August 4, 1992, the day after Mr. Farr informed her that he believed that her claim for her June 13, 1991 injury was closed.
11. Plaintiff alleged in her testimony that, sometime prior to her August 3, 1992 visit to Dr. Winfield, she reported her alleged July 24, 1992 injury to Weave Room Supervisor Jerry Berry, Personnel Clerk Kristen Stinson, Head Inspector Mary Lail, and Human Resources Director Richard Farr. Credible testimony taken from these people contradicts plaintiff's allegation. Based upon the credible testimony of Jerry Berry, Kristen Stinson, Mary Lail, and Richard Farr, the Full Commission finds that the plaintiff did not trip on a gear on July 24, 1992 as alleged and suffer an injury on that date as alleged.
12. Even if plaintiff did step on a gear as alleged on July 24, 1992, plaintiff's evidence does not establish that she suffered any resulting injury or disability. The evidence illustrates that plaintiff's complaints and disability, if any, are related to her June 13, 1991 injury, from which she never completely recovered. Likewise, plaintiff always connected her subsequent back problems to the June 13, 1991 injury up until she became aware that her claim for that injury was closed.
13. Plaintiff produced no medical evidence on the issue of causation or disability. Plaintiff's attorney did not offer any medical evidence, attempt to schedule any medical depositions, or make any effort to obtain additional time in which to do so.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Since plaintiff's claim involves complex issues of causation, medical testimony is necessary in order for plaintiff to establish that she suffered an injury by accident or specific traumatic incident on July 24, 1992. Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).
2. Plaintiff did not meet her burden of proving that she suffered a compensable injury by accident or specific traumatic incident on July 24, 1992. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim herein must be, and the same is, hereby DENIED.
2. Each side shall bear its own costs.
This 26th day of February 2002.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________________________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________________________ DIANNE C. SELLERS COMMISSIONER